## HAL RUNNELS v. ORANGE SWAN.

Where the plaintiff brought suit on the 27th May, 1857, in Galveston county, on a promissory note, due Oct. 1st, 1855, against the maker who resided in Harris county, an indorser who resided in Fort Bend, and an indorser who resided in Galveston, and it appeared from the petition, that on the 3d May, 1855, said indorsers had "waived suit being brought at the first Term of Court;" and the maker pleaded in abatement that Martin had been released from all liability on said note (meaning by the failure of plaintiff to sue thereon at the second Term of the Court after it became due,) and that he had been joined as a defendant solely to give the Galveston District Court jurisdiction of this defendant, as would appear from an inspection of the plaintiff's petition; it was held that said plea, construed as a plea in abatement under oath, was not an absolute allegation that Martin had been in fact discharged, but was in effect an exception, based upon what appeared in the petition itself; and it was held that it did not appear from the petition, that Martin had been discharged.

Error from Galveston. Tried below before the Hon. Peter W. Gray.

Suit by Orange Swan, commenced on the 27th May, 1857, on a promissory note for $1988 77, due Oct. 1st, 1855, against Hal Runnels, the maker, residing in Harris county, William J. Kyle an indorser, residing in Fort Bend county, and Henry B. Martin, also an indorser, residing in Galveston county. The note was filed as part of the petition, and had a memorandum on it as follows: "We waive suit being brought on this note at

the first Term of Court, May 3d, 1855." Signed by Kyle and Martin. Runnels pleaded his privilege in abatement as follows:

And now comes defendant Hal Runnels, and defends the wrong and injury, &c. &c., complained of in plaintiff's petition, and prays judgment of the said petition, and the citation and proceedings herein, that the same may be abated and quashed, because he says that at the time of filing said petition, he was and for some time previous thereto had been, and thenceforth continued to be, and now is, a resident of Harris county in this State, with his fixed residence or domicil in said county of Harris; that the defendant Henry B. Martin, who resides in Galveston county, is in nowise liable for the payment of the note upon which this suit is brought; that said Martin is released from all liability for the payment of said note, and that he was made a defendant herein solely for the purpose of giving to the District Court of Galveston county jurisdiction of the person of this defendant, and the defendant Kyle who resides and has his domicil in Fort Bend county in this State, and who can only be sued on said note in the county of Fort Bend or in the county of Harris, and that the plaintiff has no cause of action against said H. B. Martin, as will appear from an inspection of the record and proceedings herein, and the note and indorsement thereon, filed with plaintiff's petition and attached thereto, and this defendant says that he can only be sued upon said note in the county of Harris or in the county of Fort Bend, and that this Court has no jurisdiction whatever of this defendant in this suit. Wherefore, &c.

Said plea was sworn to. Defendant also claimed his privilege by exception; and denied all and singular, &c. Martin answered by exception, to the effect that he was discharged by the failure of the plaintiff to sue the maker of the note to the second Term of the Court; and denied all and singular, &c. Amendment by plaintiff, alleging that the failure to sue at the second Term of Court was upon request of said Martin and Kyle. Plaintiff also demurred to Runnels' plea in abatement. Kyle made default; Runnels' plea in abatement overruled by the Court; jury waived and judgment for plaintiff for full amount of the note. Writ of error by defendant Runnels.

*J. B. & G. A. Jones,* for plaintiff in error. The plea in this case avers in effect, that Martin is a fictitious defendant; made a party

to this suit only that the District Court of Galveston county might acquire jurisdiction of the persons of the real defendants, Runnels and Kyle. (Pool v. Pickett, 8 Tex. R. ; Roan v. Raymond, 15 Id. ; Finch v. Edmondson, 9 Id. ; Henderson v. Kissam, 8 Id.)

*Ballinger & Jack,* for defendant in error, suggested delay.

ROBERTS, J. The exceptions of Swan to Runnels' plea in abatement, were sustained by the Court below; and that is the error assigned in this case.

The defect of the plea is, that it states that Martin, the co-defendant, who alone resided in Galveston county, was released from all liability on the note; and refers to the facts stated in the petition, in verification of the plea, when the petition shows that the apparent release of Martin, by not bringing the suit at the first Term of the Court after the maturity of the note, was waived by Martin by a written indorsement on the back of the note. The plea, although sworn to, does not profess to state any fact that does not appear in the petition as therein stated. The waiver indorsed on the note reads as follows: " We waive suit being brought on this note at the first Term of Court. May 3d, 1855. W. J. Kyle, H. B. Martin." This is capable of two constructions, one literal, the other liberal. It may have meant that the waiver was to apply to one Term only; or it may have meant that they waived the statutory diligence of suing the maker at the first Term in order to secure the liability of the indorsers.

There are two circumstances in the case favorable to the latter construction. It was made five months before the note became due; and Kyle, against whom there is no charge of collusion, did not contend that he was released, but suffered judgment to go by default against him for a large sum of money as indorser.

The facts of the petition, therefore, did not show that Martin was necessarily released; and the plea of abatement should have stated the fact of Martin's release as an independent fact, irrespective of, and without reference to, what appeared in the petition; and that averment might have been verified on the trial, by showing such facts as would have induced a literal construction to be given to the indorsement. The affidavit of the party to his plea, then, would not have reposed on the facts as stated

in the petition, but upon the facts known or believed to have existed, independent of their mode of statement in the petition. There was no need of swearing to facts as stated in the petition; that would be available equally on exception. And the very fact that the affidavit reposes on facts as stated in the petition, shows that the party was not willing to swear that Martin was released, at the time suit was brought, as an independent fact. The plea in abatement, although sworn to, amounted to nothing more than a dilatory exception, whatever its form may have been, and the Court below did not err in overruling it. Judgment is affirmed without damages.

Judgment affirmed.